## Abraham Manaster, Defendant in Error, v. Herman Molner, Plaintiff in Error.

### Gen. No. 19,743.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 8, 1914. Rehearing denied and additional opinion filed December 31, 1914.

### Statement of the Case.

Action of the fourth class in the Municipal Court of Chicago by Abraham Manaster against Herman Molner to recover one month's rent of $105,. alleged to be due under a certain lease made between plaintiff as lessor and one S. Silber as lessee, which lease was guarantied by the defendant. The lease provided that the lessor should construct a bakeshop in the rear portion of the first floor of the building, and was made when the premises were occupied by one Goldstein. Rent was collected from said Goldstein after the making of the lease, and Goldstein claimed that the landlord had elected to treat him as a tenant from year to year. A forcible entry and detainer suit was brought against Goldstein and resulted in a verdict for the defendant, whereupon an appeal was prayed. Silber occupied the portion of the premises not occupied by Goldstein and some other property also belonging to the plaintiff. At the trial the issues were found in favor of the plaintiff, and this writ of error followed.

JACOB C. LEBOSKY, for plaintiff in error.

TENNEY, HARDING & SHERMAN, for defendant in error.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 88*—*when tenancy from year to year created.* Evidence *held* to show that a landlord acted as an agent of his lessee in collecting rent from another person who occupied the premises at the time of the making of the lease, and such landlord did not by accepting the rent elect to treat such other person as a tenant from year to year of the premises.

2. JUDGMENT, § 457*—*when decree is res adjudicata.* A person cannot be injuriously affected by a judgment or decree of court who was not a party to such judgment or decree and was not in any way interested therein.

3. JUDGMENT, § 457*—*when party bound by former adjudication.* Evidence *held* to support a finding that a party was not interested in a prior forcible entry and detainer suit, wherefore the judgment in such suit was not *res adjudicata.*

4. LANDLORD AND TENANT, § 448*—*when different premises are substituted.* Evidence *held* not to sustain a contention that there was a substitution by a landlord of other premises for those leased.